## STATE *v.* JOHN CROGAN.

Justices of the peace, and courts of magistrates exercising the jurisdiction of justices of the peace, have jurisdiction over the offence of selling liquor in violation of ch. 78, § 16, of the Revised Statutes; and the supreme court has jurisdiction to entertain appeals, in such cases, from such justices and courts.

APPEAL to this court from the sentence of the court of magistrates of the city of Providence, passed upon the defendant;

State *v.* Crogan.

after trial, for selling liquor, without authority, in Providence, in violation of chapter 78 of the Revised Statutes.

The appeal was tried with a jury in this court; and a verdict of guilty having been returned against the defendant, he interposed a motion in arrest of judgment, *first*, because the court of magistrates before whom the complaint was originally made had no jurisdiction of the offence; and, *second*, because the supreme court had no jurisdiction of the appeal.

*Thurston*, for the motion :—

1st. The court of magistrates before which said complaint was originally brought and tried, had not jurisdiction. Rev. Stats. p. 197, § 16 ; Ibid. 552, § 2. The court of magistrates could not inflict the whole extent of punishment. Ibid.; *Commonwealth* v. *Curtis*, Thatcher's Cr. Cas. 202.

2d. The supreme court has no jurisdiction of such complaints on appeal from a justice court, or a court exercising the jurisdiction of a justice of the peace. Rev. Stats. p. 198, § 22. When a new jurisdiction is given to, or a new remedy offered by a common-law court, neither the jurisdiction nor the remedy is to be extended beyond the legislative grant. *Pringle* v. *Coster*, 1 Hill, (S. C.) 53 ; *Thurston* v. *Prentiss*, 1 Mann, (Mich.) 193. If a statute create a new offence or cause of action, and provide that a particular tribunal shall take cognizance of it, no other court can enforce the law. *Aldrich* v. *Hawkins*, 6 Blackf. 125 ; *White* v. *Canover*, 5 Ib. 462. When a new right is introduced by statute, the party complaining of its violation is confined to the statutory remedy, if one be prescribed. *Long* v. *Scott*, 1 Blackf. 405 ; 6 Mass. 40. The word "may," in ch. 198, § 22, of the Revised Statutes, means must or shall. *Mason et al.* v. *Fearson*, 9 How. 248; Carth. 298; *King* v. *Inhabitants of Derby*, Skin. 370; *Schuyler Co.* v. *Mercer Co.* 4 Gilm. 20 ; *Mower* v. *Mechanics Bank of Alexandria*, 1 Pet. 64 ; *Renwick* v. *Morris*, 7 Hill, 575.

The *Attorney-General* was stopped by the court.

BRAYTON, J. The defendant, upon complaint before the court of magistrates of the city of Providence, exercising the jurisdiction of a justice of the peace, was charged with selling

4 *

and suffering to be sold, strong liquors, contrary to the provision of ch. 78, § 16, of the Revised Statutes. He was tried before that court, convicted, and sentenced; and thereupon appealed to this court. After entering his appeal here he was tried before a jury, who returned a verdict of guilty. He now moves in arrest of judgment, and for two causes assigned by him; *first*, that the court, to which the original complaint was made and by which the cause was tried, had no jurisdiction of the offence charged; and, *secondly*, that supposing the court had jurisdiction to try and convict, yet that the appeal was not properly taken to this court, but should have been carried to the court of common pleas; this court having no jurisdiction over the appeal.

As to the first point, we think it quite clear, that the court of magistrates had jurisdiction of the offence charged.

The statute defining the jurisdiction of justices of the peace provides, that "every justice of the peace within the county in which he resides shall have jurisdiction and cognizance of all crimes, offences, and misdemeanors done or committed within the said county, punishable by fine of twenty dollars, or by imprisonment in the county jail not exceeding three months, and of all other criminal matters which are or shall be declared specially to be within his jurisdiction by the laws of this state, which shall be legally brought before him; with power to proceed to trial, render judgment, pass sentence, and award a warrant for execution thereof."

Section 16, chapter 78, of the Revised Statutes, (and the offence charged is one against the provision of this section,) provides, that for the *first* offence, the person convicted shall be sentenced to pay costs, and a fine of $20, and to imprisonment for ten days; for a *second* offence, he may be sentenced to pay costs, and a fine of $20 and to imprisonment for three months; and for any subsequent offence, to pay a like fine and costs, and to imprisonment for six months.

The statute, before recited, gives to justices of the peace jurisdiction to hear and determine all offences where the punishment prescribed does not exceed a fine of $20, or an imprisonment exceeding three months.

State *v.* Crogan.

The offence charged is that of selling strong liquors. It is punishable by fine of $20, one within the power of a justice of the peace to inflict, and by imprisonment of ten days, a punishment also within his power.

Section 40 of this chapter provides, that it shall not be necessary in any complaint, warrant, or indictment, for such officer to set forth any former conviction, but that any such conviction may be proved in the same manner, and with the same effect, as if it had been alleged.

In view of this provision, it is contended, that inasmuch as it is open to proof upon the trial, to show, that the defendant had been twice convicted, so that this was a third offence, and that the justice could not sentence to the punishment prescribed for a third offence, viz., imprisonment for six months, his jurisdiction fails. It must be noted, that defendant's motion is in arrest of judgment, and must therefore be for causes apparent upon the record, and for no others. The charge, as it appears upon the record, is one within the jurisdiction of a justice of the peace to convict and sentence. There is nothing on the record to show it other than an offence punishable by a fine of $20, and by an imprisonment of ten days. To make it appear that it was anything beyond this, we must go beyond the record. The defendant was found guilty, by the court below and by the jury here, of no other offence. The record shows, not only that no other offence was alleged, but that no other was proved.

If, however, it were questionable, whether a justice of the peace or court of magistrates had jurisdiction of offences against the 16th section, so far as they are punishable by fine and imprisonment to the extent before mentioned, all doubt must be removed when we turn our attention to the provision of section 22 of the same chapter. The implication here is too strong to be overcome, that in contemplation of this chapter justices of the peace were to have jurisdiction of offences under and against the 16th section. The 22d section provides for appeals in case of conviction, and is, " Any person convicted before a justice of the peace, or a court exercising the jurisdiction of a justice of the peace, of any offence under the

sections *just mentioned,* may appeal, &c., to the court of common pleas next to be holden in the same county after ten days." One of the sections just mentioned and here referred to, is this 16th section ; so that the jurisdiction of a justice of the peace over offences under this section is expressly recognized. It is entirely clear, that the court of magistrates which tried this cause below, had jurisdiction.

It is, however, contended, *secondly,* that though the conviction below was right, yet that this court have no jurisdiction to entertain an appeal from a conviction in such case.

By ch. 221, § 1, relating to appeals from justices of the peace in criminal cases, it is provided, that " Any person aggrieved at any sentence of any magistrate, justice of the peace or court, &c., pronounced against him on any complaint for threats, assault and battery, or both, or for theft, or for any offence which is or shall be within the jurisdiction of such magistrate to try and determine, may appeal from such sentence to the supreme court or to the court of common pleas, then next to be holden in the same county after ten days." This provision covers every case of conviction before a justice of the peace, and gives the party convicted liberty to appeal to this court. It is said, however, that where, by the 22d section before recited, of chapter 78, it is provided, that a defendant convicted by a justice of the peace under that chapter, *may appeal* to the court of common pleas, and by the next section, in case of appeal is required to give recognizance that he will enter his appeal in the court appealed to, the words " *may appeal* " are to be construed to mean " shall appeal ; " and so, the statute intended to compel an appeal to the court of common pleas only. It might be a sufficient answer, to say, that the terms used in chapter 221, in relation to appeals, are identical with those of section 23 of chapter 78, and, therefore, leave the word " may," in either case, to its natural signification, implying liberty in the party to appeal. It is also said, that this is an offence newly created, and for which a jurisdiction is specially provided, at least so far as the appeal is concerned. If it were true that this offence were one newly created, there might be force in this argument ; but this offence existed upon the statute book long before the Revised

Statutes went into effect, and was not then for the first time created. We need not, however, trouble ourselves with considerations of this kind. It is apparent, that this particular provision for appeal to the court of common pleas was not put into this chapter in the revision from any design to give it any special operation, or because it was necessary to any purpose of that chapter. By referring to section 42 of the same chapter, this is made manifest. The only express provision for appeal in this chapter is that contained in section 22; yet the 42d section fully recognizes appeals to the supreme court, as well as appeals to the court of common pleas. It provides for the conducting of appeals from sentences of justices and magistrates, both in the supreme court and court of common pleas. It fully recognizes, and by implication affirms, the right of persons convicted of offences under this chapter to take their appeals to either court.

*The defendant's motion must be overruled.*